UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**RICHARD P. CASSESSE, JR., ET AL**          **CIVIL ACTION NO. 14-2777**

**VERSUS**          **JUDGE ELIZABETH ERNY FOOTE**

**PROTECTIVE INSURANCE CO., ET AL**          **MAGISTRATE JUDGE HAYES**

## MEMORANDUM ORDER

Now before the Court is the Motion for Summary Judgment filed by Defendant Philip B. Carpenter ("Carpenter"). Record Document 54. Carpenter asks that Plaintiffs' claims against him be dismissed with prejudice, at Plaintiffs' cost, on the grounds that there is no evidence to support a finding that he is liable for any part of Plaintiffs' claims. Record Document 54-2. Because the Court finds that there are genuine disputes of material facts regarding whether Carpenter is liable, at least in part, for the instant accident, Carpenter's Motion for Summary Judgment is **DENIED**.

**Factual and Procedural Background**

This matter arises from an accident that occurred on October 4, 2013 involving multiple vehicles on Interstate 20. Record Document 54-1. Plaintiffs Richard P. Cassesse, Jr., Lisa F. Cassesse, and Richard P. Cassesse, III (on behalf of the minor A.C.) have sued for injuries and damages allegedly caused by the accident the drivers, owners, and related insurance companies of two vehicles: Vehicle A's driver Nolan D. Eggins ("Eggins"), Vehicle A's owner and Eggins' employer R & L Transfer Inc., and R +

L Transfer Inc.'s insurance company, Protective Insurance Co.; and Vehicle B's driver Philip B. Carpenter, Vehicle B's owner Penske Truck Leasing Co. LP, and Penske Truck Leasing Co. LP's insurance company, Old Republic Insurance Co. Record Documents 1, 26, and 29. The picture of the accident painted by Carpenter's motion is that Vehicle A, an 18-wheeler owned by Defendant R + L Transfer, Inc. and driven by Eggins, hit Vehicle B, a Penske moving truck driven by Carpenter, while Vehicle B was stopped behind Vehicle C, the vehicle containing the Plaintiffs. Record Document 54-1. Carpenter states that Vehicle A's collision with Vehicle B occurred with such force as to cause Vehicle B to crash into Vehicle C. Id. The Plaintiffs have not opposed Carpenter's motion. However, R + L Transfer, Inc., Defendant Protective Insurance Company, and Nolan D. Eggins (hereinafter jointly "R + L") opposed the motion for summary judgment, stating that there are genuine issues of material fact as to "whether Carpenter's vehicle was stopped before the impact" and as to "whether he braked suddenly and without warning." Record Document 68, p. 1. See also Record Document 58-1. R + L argues that these disputed facts are material because, if Vehicle B was not stopped, or had "braked suddenly and without warning," then Carpenter may be found to be at least partly at fault for the accident. Record Documents 58 and 68. Carpenter has filed a reply brief and a supplemental memorandum in support of his motion for summary judgment. Record Documents 59 and 67. R + L filed an opposition brief to the motion for summary judgment and a supplemental memorandum in opposition. Record Documents 58 and 68.

**Summary Judgment Standard Under Rule 56**

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions and affidavits filed with the Court after an appropriate time for discovery demonstrate that a party who will bear the burden of proof at trial has failed to make a showing sufficient to establish the existence of an element essential to that party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

Corp., 475 U.S. 574, 586 (1986)).  However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion").  While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor.  Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the movant to file a "statement of the material facts as to which [it] contends there is no genuine issue to be tried."  In response, pursuant to Local Rule 56.2, the opposing party must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried."  All material facts set forth in the statement required under Local Rule 56.1 "will be deemed admitted, for purposes of the motion, unless controverted" by the statement required by Local Rule 56.2.

## Analysis

Carpenter's motion argues that there is no evidence that would "establish fault on behalf of Carpenter."  Record Document 54-2.  Carpenter states that the evidence supports only one conclusion, that Carpenter's vehicle was stopped behind the Cassesse vehicle prior to Carpenter's vehicle being hit from the rear by R + L's 18-wheeler, a

conclusion which Carpenter states precludes a finding of liability against Carpenter. Id. Carpenter's version of events is supported by several sources.  Carpenter's own affidavit which accompanied his Motion for Summary Judgment states that he "applied his brakes and came to a stop behind the Cassesse vehicle . . . thereafter, an 18 wheeler operated by Nolan Eggins ran into the rear of [Carpenter's] Penske truck." Record Document 54-3.  Eggins, the driver of the 18-wheeler, indicates in his answer to interrogatories that Carpenter's vehicle came to a stop prior to the collision.  Record Document 59-1, pp. 8–9 ("the Penske van in front of him stopped abruptly, moving partially onto the right hand shoulder.").  The "Preliminary Event Report" created by R + L Transfer, Inc. and based upon Eggin's own account of the accident taken minutes after the accident stated that, "[Eggins] looked up and saw police on side of road with lights on and there was a sign saying construction ahead two miles, Penske truck setting [sic] still in front of him and he could not get stopped. . . ."  Record Document 59-2.  Additionally, Eggins' deposition testimony was that the Penske truck had come to a stop behind the Cassesse's vehicle prior to being impacted by Eggins' 18-wheeler. Record Document 67-2, p. 11.

In response, R + L asserts that "there are genuine issues of material fact [that preclude summary judgment on Carpenter's liability] as to whether Carpenter's vehicle was stopped before the impact, whether he braked suddenly and without warning, and whether his conduct contributed to this accident."  Record Document 68, p. 1.  Plaintiff Richard Cassesse ("Cassesse") testified in his deposition that while his vehicle was

stopped in the traffic on Interstate 20, he turned to talk to his grandson.  Record Document 58-2, p. 4.  Upon turning, Cassesse observed through the rearview window Carpenter's truck coming towards his vehicle and audibly remarked, "I don't think the truck's going to be able to stop, it's not going to stop."  After making that statement in the vehicle, Cassesse testified that he saw Carpenter's truck begin to "jackknife, and that's when I realized that the R + L truck [was] basically pushing him into us."  Id. Viewing the evidence in the light most favorable to the non-movant, R+L, this evidence may support a finding that Carpenter was not stopped prior to the collision.

Two additional items indicate that there are genuine issues of material fact as to whether Carpenter may be found to be liable in some part for this accident.  The deposition testimony of Louisiana State Police Trooper Charles Partin ("Trooper Partin") indicates that both Carpenter and Carpenter's passenger, Kirk Whittle ("Whittle"), stated soon after the accident to an interviewing officer that the Penske truck they were in was forced to veer onto the right shoulder of Interstate 20 to avoid hitting the Cassesses' stopped car prior to the accident with the 18-wheeler.  Record Document 68-2, pp. 6–7. Based upon additional representations by Carpenter and Whittle, Trooper Partin estimated that at the time of the collision of Carpenter's vehicle and the 18-wheeler, Carpenter's truck was traveling at 25 miles-per-hour and was attempting to avoid hitting the Cassesses' vehicle.  Id. at 8–9.  This account is corroborated to a degree by Eggins' deposition testimony that prior to the collision he witnessed the Carpenter vehicle "coming to a stop, abrupt stop" and that, in an apparent effort to

come to a stop quickly, Carpenter's truck had smoking tires and had "cut to the right." Record Document 68-3, p. 6.

It is apparent that the factual allegations made to this Court are in conflict as to whether Carpenter's truck was at a stop prior to the collision with R+L's 18-wheeler, whether Carpenter was in some way negligent in his operation of the Penske truck, and, ultimately, whether Carpenter may be liable in part for the accident. Accordingly, summary judgment would be inappropriate at this time.

## Conclusion

Because the Court finds that there are genuine disputes of material facts, Carpenter's Motion for Summary Judgment [Record Document 54] is **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana on the 3rd day of August, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE